CASE 49.—GEORGE P. HUBER WAS CONVICTED OF PER-
MITTING A NUISANCE ON HIS PREMISES AND AP-
PEALS.—September 19.

## Commonwealth v. Huber

Appeal from Campbell Circuit Court.

A. S. BERRY, Circuit Judge.

Motion by appellee to strike bill of exceptions from the record and to dismiss the appeal.—Motion overruled.

1. Criminal Law—Bill of Exceptions—Right to Make Bill. —
Though an appeal in a misdemeanor case is allowed only
from a final judgment, yet it is not improper practice to pre-
serve by bill of exceptions the proceedings on a trial which
for any reason had been set aside, so that, after final judg-
ment entered and appeal prosecuted therefrom, error claimed
to have been committed on the previous trial could be exam-
ined, and, if permissible, corrected.

2. Same—Appeal by Commonwealth—Misdemeanor Case—Time
of Appeal.—Cr. Code Prac., tit. 9, art. 2, sec. 347, provides
that the Court of Appeals shall have appellate jurisdiction in
prosecutions for misdemeanors where the fine exceeds or
could exceed $50, or there is or could be a judgment of im-
prisonment for a period exceeding 30 days. Sec. 352, as
amended by Act March 21, 1904, p. 145, c. 65, provides that a
judgment on a verdict of acquittal of an offense the punish-
ment of which is imprisonment shall not be reversed, but
"in such cases" an appeal may be taken by the Common-

Commonwealth v. Huber.

wealth when important to the correct administration of the criminal law. Held, that the words "such cases" should be referred to the words "an offense the punishment of which is imprisonment," and that an appeal by the Commonwealth would lie in a misdemeanor case, even before a final judgment.

On final trial October 2.

1. Gaming — Keeping Poolroom — Evidence — Admissibility.—In a prosecution for keeping a poolroom, evidence that there was no disturbance of the peace in the place or annoyance to the neighborhood was inadmissible, being immaterial.

2. Criminal Law—Appeal—Matters Reviewable.—Under Cr. Code Prac. Sec. 281, providing that decisions upon motions for new trial shall not be subject to exception, the Court of Appeals cannot consider any question presented to the Circuit Court only on motion for new trial; the granting or refusal of a new trial being within the discretion of the circuit courts in criminal cases.

N. B. HAYS, Attorney General, JAMES S. MORRIS and CHAS. H. MORRIS for appellant.

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR on Motion to Dismiss Appeal.

Under an indictment charging appellee with suffering a nuisance on his premises he was tried and convicted. The circuit court set aside the verdict and granted the defendant a new trial. The Commonwealth has appealed from the decision of the circuit court. The pending motions are by appellee to strike the bill of exceptions from the record and to dismiss the appeal.

The motion to strike the bill of exceptions from the record is based upon the same ground that the motion to dismiss the appeal is, namely, that an appeal does not lie in a misdemeanor case, except from a final judgment. Though it were true that appeals in misdemeanor cases were allowed only from final judgments, nevertheless it would be not improper practice

to preserve by bill of exceptions the history of a trial which for any reason had been set aside by the trial court, so that after the final judgment should be entered, and appeal be prosecuted from it, errors claimed to have been committed upon the previous trial could then be examined into, and, if permissible, be corrected. The bill of exceptions in this case is approved and signed by the presiding judge, and was filed in due season as part of the record. The motion to strike is overruled.

The other question is not so free from difficulty. Appeals to the court of appeals in misdemeanor cases are regulated by article 2, tit. 9, Cr. Code Prac. (sections 347-356). By section 347, Cr. Code Prac., appeals are allowed to the Commonwealth as well as to the defendant from final judgments, where the fine exceeded or could have exceeded $50, or where there was a judgment of imprisonment, or could have been, for a period exceeding 30 days. By section 352, as it was before the amendment of 1904, it was provided: "A judgment on a verdict of acquittal of an offense, the punishment of which is imprisonment, shall not be reversed." As to felonies it is provided (section 335, Cr. Code Prac.) that an appeal shall only be taken on a final judgment, except on behalf of the Commonwealth. Section 337, Cr. Code Prac., regulates the manner of prosecuting appeals by the Commonwealth from any decision of the trial court. Such appeals are not to suspend the proceedings in the circuit court. They seem to be allowed mainly because "it is important to the correct and uniform administration of the criminal law." Still, if the Commonwealth's appeal in a felony case could be disposed of by the appellate court before the conclusion of the trial in the circuit court, the opinion certified would be

"obligatory on the circuit court as the correct exposition of the law." Section 335, Cr. Code Prac. Further, as to felonies, by section 339 it is provided: "A judgment in favor of the defendant which operates as a bar to future prosecutions for the offense shall not be reversed by the court of appeals." In that state of the law the defendant's rights were protected in every case by giving him an appeal from the final judgment. The Commonwealth's interests were sought to be protected by giving her the right of appeal in felonies from any decision of the circuit court whether it was a final judgment or not, so as to have the law declared. In misdemeanors the Commonwealth was given the same right of appeal that the defendant had, which was from final judgments only. But there is a provision in the Constitution which prevents any man from being put twice in jeopardy for the same offense. Consequently, in all felonies, and in all misdemeanors where an imprisonment sentence is permitted, an acquittal is a bar to another trial of the same person for the same offense, although the acquittal was the result of an erroneous trial. Hence sections 335 and 352 Cr. Code of Practice. Under those conditions the Commonwealth was without remedy in erroneous proceedings in those misdemeanor cases where an imprisonment might be inflicted. The legislature set about to correct that condition. So the amendment of 1904 to section 352, Cr. Code Prac., was adopted; the amendment reading: "But in such cases an appeal may be taken by the Commonwealth as provided in section 337 of this Code, when it is important to the correct and uniform administration of the criminal law."

Bearing in mind that it was already then allowed

to the Commonwealth to prosecute an appeal from the final judgment of acquittal in the circuit court where an imprisonment of more than 30 days might be imposed, we must look further to see what was the legislative purpose in this amendment. The original section (352) providing: "A judgment on a verdict of acquittal of an offense, the punishment of which is imprisonment, shall not be reversed"—is now qualified by the amendment providing that "in such cases" an appeal is allowed to the Commonwealth as in felony cases by section 337, Cr. Code Prac. This language might be construed to mean in case of judgment on a verdict of acquittal, where the punishment might have been imprisonment. But in that interpretation the word "case" is made to apply to a situation; whereas, in law, it is generally used to designate an action or proceeding in court. Still another objection to that interpretation is it does not give the Commonwealth any relief as prosecutor, but leaves it where it was before. The other construction is to refer the expression "such cases" to the preceding clause, "an offense the punishment of which is imprisonment." This is not only more grammatical, but gives a practical meaning and effect to the amendment. It remedies that which the legislature deemed an evil, by placing the prosecution in a position to have the criminal law uniformily applied in all crminal cases, the one in which the appeal was prosecuted, as well as in others to come. The legislature could have had no purpose to shield one guilty of a misdemeanor or punishable by imprisonment, or to show such one any favors not granted to all other defendants in criminal and penal prosecutions.

In this view of the matter, we think the appeal may

be prosecuted, even before a final judgment in the case. Hence the motion to dismiss is overruled.

OPINION OF THE COURT BY JUDGE HOBSON on final trial certifying law.

The court, on the trial of this case against the defendant, George Huber, for keeping a pool room, allowed him to prove by a number of witnesses that there was no disorder in the house, and that the place was conducted in an orderly, peaceable manner. There was no chance of riot or boisterous conduct. Evidence that there was no disturbance of the peace in the house or annoyance to the neighborhood was immaterial, as nothing of this sort was charged, and the law presumed the defendant innocent as to things not proved. Comth. v. Gannett, 79 Am. Dec. 693, 1 Allen 7. In Ehrlick v. Comth.. 125 Ky. L. R. 742, 102 S. W. 290, 31 Ky. Law Rep. 403, we said: "A great deal of evidence was admitted on the part of the appellant tending to show that there was no noise or boisterous conduct at the house, where this pool room was conducted; but that on the contrary, it was conducted with a care to keep down disorders, and to prevent minors, negroes, and women from coming into it. All this character of evidence was wholly immaterial. It ought not to have been admitted for any purpose." The court erred therefore in admitting the evidence referred to.

It is also insisted for the Commonwealth that the court erred in granting a new trial to the defendant. Section 281, Cr. Code Prac., is in these words: "The decisions of the court upon challenges to the panel, and for cause, upon motion to set aside an indictment, and upon motions for a new trial, shall not be subject

to exceptions.'' Under this section it has been repeat-edly held that this court cannot consider any question presented to the circuit court only on motion for a new trial. The purpose of the legislature in this section of the Code was to restrict the jurisdiction of this court and to leave the matter of granting or refusing new trials wholly to the discretion of the circuit courts in criminal cases. No question of law arises on the granting of the new trial which may be reviewed by this court. Circuit courts have a wide discretion as to the granting of new trials, where, in their judg-ment, the ends of justice so require. To sum the whole matter up, the new trial in question was granted by the circuit judge on this ground, and his decision of the question, not being subject to exception, is final.

The other questions discussed in the brief were passed upon in the opinion heretofore delivered (104 S. W. 282), and, upon a reconsideration of these ques-tions, we see no reason to modify that opinion.

This is ordered to be certified as the law of the case.