## Commonwealth v. Huff.

(Decided January 6, 1911.)

### Appeal from Carter Circuit Court.

1. County Assessor—Indictment Against—Neglect of Official duty—Sufficiency of Indictment.—An Indictment against Charles Huff charges that "he as Assessor of Carter county unlawfully failed and neglected his official duty as Assessor in that he failed and neglected to assess Tandy Giles for taxation for the years 1907 and 1908, the said Giles being at the time a resident of Carter county and owning property therein subject to taxation." Held, there is no pretense that the indictment is good under Sec. 3748 Ky. Statutes. Nor is there any charge of wilful neglect.

2. Jurisdiction of Offense Charged.— Conceding that the indictment is good under Sec. 4076a, provided "the Assessor shall for any failure of his duty under this law where no other penalty is provided, be fined in any sum not less than $25 nor more than $50," which we do not decide, we have no jurisdiction of the appeal because the highest penalty named is $50.

JAMES BREATHITT, Attorney General, TOM B. M. M'GREGORY, Assistant Attorney General, for appellant.

H. R. DYSARD for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Dismissing.

The Commonwealth appeals from a judgment of the lower court dismissing the following indictment:

"The grand jury of Carter county, in the name and by the authority of the Commonwealth of Kentucky, ac-

cuse Chas. Huff of the offense of unlawfully, failing and neglecting his official duty as assessor, committed as follows: The said defendant on the 7th day of June, 1909, in the county and circuit aforesaid, did unlawfully fail and neglect to assess Tandy Giles for taxation, the said Tandy Giles being a citizen and resident of Carter county, Kentucky, during the years of 1907 and 1908, and at the time provided by law that assessments should be made, he at the time being a male citizen of said county and State and over the age of 21 years, and owning property and subject to pay a poll tax and property tax in said county and State and to be assessed for same; the defendant being during the time as aforesaid the assessor of Carter county, having been duly and legally elected to said office at the regular November election for county officers in the year 1905, and having given bond and otherwise qualified as required by law and accepted said office and entered upon the discharge of the duties of same and while acting as said officer.

"Against the peace and dignity of the Commonwealth of Kentucky."

There is no pretense that this indictment is good under section 3748, Kentucky Statutes. Nor is there any charge of willful neglect. By the statutes, under the head of the assessment of property, several penalties are named which are to be applied to assessors who fail to do the things particularized therein, but the indictment under consideration does not charge any of the things described in the section referred to.

The Commonwealth contends that the indictment is good under section 4076a, which prescribes that:

"The assessor shall, for any failure of his duty under this law, where no other penalty is provided, be fined in any sum not less than twenty-five dollars nor more than fifty dollars."

Even conceding that the indictment is good under this section, which we do not decide, we have no jurisdiction of the appeal because the highest penalty named therein is $50.00.

Therefore, the appeal is dismissed.