## Commonwealth v. Fore.

(Decided April 21, 1914.)

## Appeal from Knox Circuit Court.

1. Criminal Law—Appeal by Commonwealth.—When there has been a mis-trial or when a new trial has been granted to the defendant, the Commonwealth may bring to this court a full and accurate transcript of all orders, proceedings, evidence and instructions for the purpose of having any errors committed by the trial court corrected, so that the law of the case may be settled by this court for the benefit of the trial court on another trial, and to the end that there may be a uniform administration of the criminal laws of the State.

2. Criminal Law—Appeal by Commonwealth—Brief to be Filed— Duty of Commonwealth's Attorney.—When the Commonwealth's Attorney believes that the trial court has committed error to the prejudice of the Commonwealth, and desires to have these alleged errors reviewed, he should see to it that a complete record is brought up and should either file a brief in this court directing the attention of the court to the errors complained of or advise the Attorney General in respect to them, so that he may be prepared to file a brief that will be of some assistance to the court. If this practice is not observed, the appeal will be dismissed.

J. B. SNYDER, Commonwealth's Attorney; JAMES GARNETT, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General for appellant.

J. M. ROBSION for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Dismissing Appeal.

The appellee, under an indictment for murder, was found guilty of voluntary manslaughter. After this he filed a motion and grounds for a new trial, and the motion was sustained and a new trial granted, "to which ruling of the court, as well as other decisions occurring on the trial, the Commonwealth at the time excepted, and now prays an appeal to the Court of Appeals of Kentucky for a review of said decisions and rulings of the court, and for a certification of the law applicable thereto." Pursuant to this order a partial transcript of the record has been brought to this court.

When there has been a mistrial, or when a new trial has been granted to the defendant the Commonwealth may bring to this court by appeal a full and correct transcript of the orders, proceedings, evidence and in-

structions, if the officers charged with the duty of representing the Commonwealth believe errors prejudicial to the substantial rights of the Commonwealth were committed by the trial court during the trial that resulted in a mistrial, or in the granting of a new trial. This practice is authorized by section 335 of the Criminal Code, so that the law of the case may be settled by this court for the benefit of the trial court on another trial, and to the end that there may be a uniform administration of the criminal laws of the state: Commonwealth v. Matthews, 89 Ky., 287; Commonwealth v. Honrigan, 89 Ky., 305; Commonwealth v. Robinson, 27 Ky., L. R., 14.

As the purpose of allowing an appeal to the Commonwealth pending the final trial and disposition of the case in the lower court is to secure a review of rulings of the trial court believed to be prejudicial to the Commonwealth, it is manifestly the duty of the attorneys representing the Commonwealth to point out in briefs submitted to this court the errors complained of, so that this court may know what errors of law committed by the trial court it is expected to review. It is apparent that if the record is filed in this court without any brief for the Commonwealth indicating the errors complained of this court cannot, with any degree of satisfaction or certainty, undertake to write an opinion that would be of service to the trial court on a retrial of the case or that would aid in securing a uniform or correct administration of the criminal law.

Looking now to the record before us, we find that it does not contain the indictment, or the motion and grounds for a new trial, or any order or statement showing the reasons that influenced the trial court in granting a new trial. There is no bill of exceptions, but appended to the record is an agreement signed by the Commonwealth's Attorney and the attorney for the appellee showing that the instructions attached to the stipulation were the ones given by the trial court, and this contains the only reference to the instructions, none of which appear to have been objected to.

With the record in this condition, and in the absence of any advice or assistance from the Commonwealth's Attorney, the Attorney General has not and could not well prepare a brief for the Commonwealth directing attention to the errors, if any, committed by the trial court.

We think that when the Commonwealth's Attorney believes that the trial court has committed error to the prejudice of the Commonwealth in a case like this, and desires to have these alleged errors reviewed, he should see to it that a complete record is brought up and should either file a brief in this court directing the attention of the court to the errors complained of or advise with the Attorney General in respect to them, so that the Attorney General may be prepared to file a brief that will be of some assistance to the court.

For the reasons indicated the appeal is dismissed.