## Commonwealth v. American Express Company.

(Decided January 12, 1916.)

### Appeal from Grayson Circuit Court.

1. Criminal Law—Appeal in Criminal Cases—Jurisdiction.—The Court of Appeals has jurisdiction of appeals in penal actions, from judgments assessing fines exceeding fifty dollars; or if the judgment be for the defendant, if a fine exceeding fifty dollars might have been inflicted.

2. Criminal Law—Appeal in Criminal Cases—Jurisdiction.—A penal action may be prosecuted against one for the commission of a misdemeanor, the punishment for which is a fine, for the recovery of the fine.

3. Criminal Law—Appeal in Criminal Cases—Jurisdiction.—Appeals to the Court of Appeals, in penal actions, are similar in all respects

to appeals in civil actions, and will not lie, except from a final judgment or order in the case, as in civil actions.

4. Criminal Law—Petition for Recovery of Fine.—A petition, in the name of the Commonwealth against one for the recovery of a fine imposed by law, for the commission of a public offense, is not a civil action, but a penal action.

JAMES GARNETT, Attorney General; CHARLES H. MORRIS, Assistant Attorney General; H. D. MOORMAN and CHARLES CARROLL for appellant.

M. A. ARNOLD, S. L. BARBER, J. BLAKEY HELM and TRABUE, DOOLAN & COX for appellee.

OPINION OF THE COURT BY JUDGE HURT—Dismissing original and cross-appeal.

This is a penal action brought in the name of the Commonwealth of Kentucky against the American Express Company, in the Grayson circuit court. The petition charged the express company with a violation of Sub-section 2 of section 2569-b, Ky. Statutes, in that county, and sought to recover of the express company the sum of two hundred dollars. The petition was subscribed by the Commonwealth's attorney for the judicial district, which embraces Grayson county. The express company entered a plea of not guilty, and a trial being had, a verdict of guilty was returned against the company and the amount of the recovery fixed at the sum of one hundred dollars and judgment was rendered accordingly. Grounds for a new trial were filed and a motion made to that effect, and for reasons not necessary to be stated, the motion was sustained, the verdict and judgment set aside, and a new trial granted to the express company. The attorney for the Commonwealth objected to the order of the court setting aside the verdict and judgment and granting a new trial, and his objection being overruled, he excepted thereto, and prayed an appeal to this court, which was granted. Thereafter, the express company seeking to have the decisions of the court below, which were adverse to it, reviewed by this court, took a cross-appeal.

The question as to the right of the Commonwealth to maintain the appeal and the right of the express company to prosecute a cross-appeal is suggested, and those questions will be first considered.

The right of appeal, in all cases, is a right created by statute, and in the absence of a statute conferring the

right, an appeal will not lie. Gough v. I. C. R. R. Co., 166 Ky., 568. This is not a civil action, as contended by counsel, but is a penal action, instituted and conducted under the provisions of section 11 of the Criminal Code, which gives authority for the prosecution of a public offense, the only punishment for which is a fine, by a penal action in the name of the Commonwealth of Kentucky, or in the name of an individual or corporation, if the whole fine recoverable be given to such individual or corporation; and by the authority of the provisions of section 1139, Kentucky Statutes, which provide that all fines and forfeitures, which are imposed by law, shall inure to the Commonwealth, except where the whole or a part thereof shall be given to a person or to a particular object, and may be recovered by civil procedure, or by indictment of a grand jury. While the offense, which is prosecuted, in the case at bar, is one which may be punished by imprisonment, as well as by fine, only the fine denounced is sought in the action, and no judgment for imprisonment can be recovered in the action. The case of Comth. v. Brand, 166 Ky., 754, cited by counsel, is not in point. That was a prosecution, by indictment for a felony, and appeals in such cases are authorized and regulated by the provisions of Article 1, chapter 1, title 9, of the Criminal Code.

The offense denounced by sub-section 2, section 2569-b, Ky. Statutes, is a misdemeanor. Appeals to this court from judgments in prosecutions for misdemeanors are provided for and regulated by the provisions of article 2, chapter 1, title 9 of the Criminal Code. Section 347 of that article provides that this court shall have jurisdiction upon appeals in penal actions and prosecutions for misdemeanors, if the judgment be for a fine exceeding fifty dollars, or for imprisonment exceeding thirty days, or in case of acquittal, in cases in which a fine exceeding fifty dollars or imprisonment exceeding thirty days might have been inflicted. In as much as a penal action can not be maintained, except for a fine, the section, *supra,* limits the jurisdiction of this court to appeals, in penal actions, to cases in which a fine exceeding fifty dollars has been assessed, or to a case in which such a fine might have been inflicted. The cases in which imprisonment has been or might be inflicted, necessarily, has reference to prosecutions for misdemeanors, by indictment, information or warrant. The appeals contem-

plated by this section seem to be only such as may be taken from final judgments of conviction or acquittal.

Section 352, Criminal Code, provides that a judgment on a verdict of acquittal of an offense, the punishment of which is imprisonment, shall not be reversed, but in such cases an appeal may be taken by the Commonwealth as provided in section 337, Criminal Code; when it is important to the correct and uniform administration of the criminal law. Section 337, *supra*, is wherein the manner of taking an appeal by the Commonwealth is provided for in felony cases, and in which, by the provisions of section 348, Criminal Code, an appeal may be taken by the Commonwealth from the decisions of the court before a final judgment in the case, for the purpose of having the law of the case determined by this court before the final trial. In the case of Com. v. Huber, 126 Ky., 456, this court, in construing section 352, *supra*, held that before final trial, where one was indicted for a misdemeanor, the punishment for which is imprisonment, the Commonwealth might appeal in the manner provided by section 337, *supra*, before a final judgment in the case, from the decisions of the court made in the case, for the purpose of a uniform and correct administration of the law, as in felony cases. As in felony cases, however, an appeal by the Commonwealth, in a prosecution for a misdemeanor for the purpose of having a certification of the law, in a case wherein the punishment is imprisonment, does not operate to suspend proceedings in the case. Section 352, *supra*, however, could not authorize an appeal in a penal action by the Commonwealth, before final judgment in the case, as only a fine in such actions can be inflicted.

The Code makers, however, expressly provided for appeals to this court in cases wherein misdemeanors are prosecuted by penal actions, by the enactment of section 355, Criminal Code, which is as follows:

"If the prosecution be by a penal action, the appeal shall be similar in all respects to appeals in civil actions."

In the case of International Harvester Company v. Com., 161 Ky., 49, this court construing section 355, *supra*, held that in penal actions, that, although, section 348, Criminal Code, provided that upon an appeal in a case of misdemeanor that the record must be lodged in the clerk's office of this court within sixty days after

the rendition of the judgment, that an appeal from a judgment in a penal action could be taken within the same time as an appeal from a judgment in a civil action. Section 2, Criminal Code, *supra,* provides that "the proceedings in penal actions are regulated by the Code of Practice in civil actions." Hence, it conclusively follows that the stage of proceedings in a penal action at which an appeal may be taken, is regulated by the Civil Code, and is the same as in a civil action. An appeal does not lie in a civil action except from a final order or judgment in the action. A final order or judgment in a civil action, from which an appeal will lie, is one which either terminates the action itself or operates to divest a right in such manner that the court making the order does not have power after the expiration of the term to put the parties in their original condition. Helm v. Short, 7 Bush, 623; Turner v. Browder, 18 B. M., 285; Christman v. Chess Wymond & Co. 102 Ky., 230; Harrison, etc. v. Lebanon Waterworks, 91 Ky., 255, and many others. The action in the case at bar has never terminated, and the parties have all the same rights, and are in the same condition as at the beginning of the suit.

It is, therefore, adjudged that the original and crossappeal be both dismissed.