## Commonwealth v. Starrett.

(Decided April 17, 1917.)

### Appeal from Whitley Circuit Court.

1. **Criminal Law—Judgment Quashing Indictment—Review.—Section** 281, Criminal Code, prevents the Court of Appeals from reviewing on appeal the judgment of a circuit court quashing an indictment.

2. **Criminal Law—Review—Jurisdiction—Consent.—Where, by statute,** the Court of Appeals is expressly deprived of jurisdiction to review a ruling of the circuit court with respect to a specified act or matter, such jurisdiction cannot be conferred upon the Court of Appeals by consent of the parties.

M. M. LOGAN and J. B. SNYDER for appellant.

B. B. SNYDER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Dismissing appeal.

This appeal is prosecuted by the Commonwealth of Kentucky from a judgment of the Whitley circuit court sustaining a motion made by the appellee, D. Starrett, to quash and set aside an indictment found and returned against him by the grand jury of Whitley county, wherein he was charged with unlawfully and illegally selling spirituous, vinous and malt liquors in local option territory, upon the ground that it was not found or returned by a grand jury legally summoned or empaneled; that no grand jury could be legally and lawfully

summoned or empaneled at the regular November term, 1916, of the Whitley circuit court, during which term the indictment in question was found and returned, because there had been three previous, separate and distinct grand juries duly and legally summoned and empaneled at three previous, separate, regular terms of that court, in the year 1916.·

It would be a work of supererogation to set forth, or consider the several sections of the Kentucky Statutes upon which the circuit court rested its judgment, or to discuss the grounds urged by the Attorney General for its reversal, as the error complained of, if it be an error, is one which section 281, Criminal Code, prevents us from reviewing on appeal. That section provides:

"The decisions of the court upon challenges to the panel, and for cause,·or upon motions to set aside an indictment, shall not be subject to·exception."

The cases in which the provisions of this section of the code have been applied, as we must here apply them, are so numerous as to make them more familiar to the courts and legal profession than those of any other section of the Criminal Code. One of these cases is that of Miller v. Commonwealth, 127 Ky. 387, in the opinion of which it is, in part, said:

"Section 158 (Criminal Code) contains three grounds upon which the circuit court may set aside an indictment; the first being 'A substantial error in the summoning or formation of the grand jury;' but no exception can be taken by the Commonwealth to the action of the circuit court in setting aside an indictment, or by the defendant to its refusal to do so. The power conferred upon the circuit court by the mandatory provisions of section 281 is broad and beyond the revisory control of this court. . . . . The right of appeal is not a natural or inherent right. Indeed, in the State of Kentucky an appeal in a criminal or penal case was not allowed prior to the year 1853, but the right was then conferred by statute, and has ever since existed by legislative sanction, subject to certain conditions and limitations imposed by the same power. If competent to confer or withhold the right of appeal, the legislature may declare under what conditions the right, when conferred, may be exercised, and the courts of the State, in administering the law, must obey the legislative will

by observing the restrictions imposed. In other words, in matters appealable, the revisory power of this court is restricted by the conditions and limitations imposed by statute. As said by this court in Redmon v. Commonwealth, 82 Ky. 333, 6 Ky. Law Rep. 225: 'From these provisions of the code the jurisdiction of this court to try and determine felony (or misdemeanor) cases is derived. The constitution confers no jurisdiction upon this court in such cases, but authorizes the legislature to grant such jurisdiction as it may think proper. We have no more right to depart from or to enlarge the limits of the jurisdiction, as prescribed by the statute, than we would have to assume jurisdiction in case the legislature had seen fit not to confer any appellate jurisdiction. . . . . We have nothing to do with the policy or impolicy of conferring jurisdiction, in criminal cases, upon this court whether limited or unlimited. That belongs to the legislative department. Errors such as that complained of here were left to the discretion of the lower or trial court, where the whole jurisdiction might have been left, if the legislature should have thought proper.' Rutherford v. Commonwealth, 78 Ky. 639; Meece v. Commonwealth, 78 Ky. 586; Curtis v. Commonwealth, 62 S. W. 886; 23 Ky. Law Rep. 267; Turner v. Commonwealth, 80 S. W. 197, 25 Ky. Law Rep. 2161; Alderson v. Commonwealth, 74 S. W. 679, 25 Ky. Law Rep. 32; Howard v. Commonwealth, 118 Ky. 1, 80 S. W. 211, 81 S. W. 704, 26 Ky. Law Rep. 148-363-465; Commonwealth v. Simons, 100 Ky. 164; Commonwealth v. Goulet, 140 Ky. 843.''

Counsel for the Commonwealth frankly admit that this court is without jurisdiction to review the ruling of the circuit court complained of, but insist, supported by the assent of counsel for appellee, that the importance of the question renders its decision by us imperatively necessary for the guidance of the circuit courts in administering the criminal and penal laws of the Commonwealth. We cannot comply with this request without ignoring the limitations placed upon our appellate jurisdiction by the section, *supra;* nor can the parties confer jurisdiction upon this court by consent, where it is not authorized by law. Lindsey v. M'Clelland, 1 Bibb 262; Ormsby v. Lynch, Litt. Sel. Cas. 303; Metcalf v. Commonwealth, 84 Ky. 485; Stratton v. Commonwealth, 84 Ky. 190; Atkins v. Commonwealth, 19 R. 1900; Com-

monwealth v. Fryman, 17 R. 400; Commonwealth v. Schlitzbaum, 25 R. 1022; Hillman Land & Iron Co. v. Commonwealth, 173 Ky. 76.

For the reasons indicated the appeal is dismissed.