## Commonwealth v. Davis.

(Decided October 10, 1922.)

### Appeal from Rockcastle Circuit Court.

Criminal Law—Certifying the Law—Dismissal.—An appeal by the Commonwealth from a judgment in a misdemeanor case, for the purpose of having the law certified, will be dismissed in the absence of a motion and grounds for a new trial.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, and W. N. FLIPPEN for appellant.

C. C. WILLIAMS for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Dismissing the appeal.

Appellee was indicted by the grand jury of Rockcastle county charged with unlawfully, fraudulently, feloniously, wrongfully and corruptly paying out and causing to be paid out of the school funds sums of money not authorized by law, in that she as county superintendent of schools and secretary for the board of education for that county, having the duty of paying the teachers of schools therein, did unlawfully, fraudulently, feloniously, corruptly and wrongfully and without authority of the

board of education of said county and without the knowledge or authority of any member of said board, issue a voucher upon said board in favor of Ronald Swinford for the sum of forty-five dollars, and caused the said sum to be paid to him.

Upon a trial in the circuit court a verdict of not guilty was directed by the court to be and was returned by the jury, and the Commonwealth has appealed under the provisions of section 337 of the Criminal Code asking for a certification of the law.

We have been unable, after diligent search, and after assistance from the Attorney General's department, to find any statute in this state making the offense charged a felony. And assuming for the purpose of this appeal that the indictment charges, if anything, the offense of malfeasance in office, which is only a misdemeanor, a motion for a new trial was necessary.

It was incumbent upon the Commonwealth before prosecuting this appeal to have filed in the lower court its motion and grounds for a new trial during the term at which the judgment was entered; as the record discloses no such motion and grounds were filed, directing the attention of the trial court to the error or errors which it is sought to have corrected, this court will, upon its own motion, direct that the appeal be dismissed. It is so ordered.

Commonwealth v. Tarvin, 114 Ky. 877; Louisville Chemical Works v. Commonwealth, 71 Ky. 179.