## Commonwealth v. Morris.

(Decided September 25, 1923.)

### Appeal from Jackson Circuit Court.

Criminal Law—Statute Requiring Appeal During Term Mandatory.—Appeal by the Commonwealth from a judgment dismissing an in-dictment for bribery must be dismissed where not prayed for nor granted during the term at which the decision of the circuit court

was rendered, Criminal Code of Practice, section 337, being mandatory.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellant.

L. C. LITTLE for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Dismising the appeal.

The appellee, L. V. Morris, was indicted in the court below for the crime of bribery, or attempted bribery. The appellee entered a demurrer to the indictment which the trial court sustained, which ruling resulted in a judgment dismissing the indictment. From that ruling and judgment the Commonwealth has appealed for the purpose of obtaining of this court its opinion as to whether the trial court erred in sustaining the demurrer to the indictment and for the further purpose of obtaining its certification of the law controlling the case.

The assistant attorney general, briefing the case for the appellant, concedes the insufficiency of the indictment and can find no error in the action of the court below in sustaining the demurrer to same. But we are met on the threshhold of the consideration desired of the ruling and judgment appealed from by a motion on the part of the appellee to dismiss the appeal, which motion is rested on the ground that as the appeal was not prayed by the Commonwealth nor granted during the term at which the decision of the circuit court was rendered, this court is without jurisdiction to entertain the same. This contention is sustained by the record before us, which shows that the appeal was prayed and granted at a term of the circuit court succeeding the term of that court during which the decision in question was rendered. Criminal Code, section 337, provides that an appeal like the one before us must be prayed and granted during the term at which the decision attempted to be appealed from is rendered. It is too late to pray such an appeal at the next or a succeeding term of the circuit court. The provisions of the section, *supra,* are mandatory and must be obeyed. We have so held in numerous cases, and have gone to the extent of declaring that even by consent or agreement of the parties its mandatory provisions cannot be ignored or disobeyed. Commonwealth v. Fryman, 17 R. 400; Commonwealth v. Schlitzbaum, 25 R. 1022; Com-

monwealth v. Nelson, 24 R. 2125; Commonwealth v. Barbour, 29 R. 622.

For the reasons indicated the motion of the appellee to dismiss the appeal is sustained and the appeal dismissed.