## Commonwealth v. Williams.

## Same v. Gross.

(Decided June 11, 1929.)

J. W. CAMMACK, Attorney General, and W. A. BROCK and J. B. SNYDER for appellant.

E. H. JOHNSON for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Dismissing appeals.

Williams and Gross were each proceeded against by information for violation of the law regulating motor transportation for hire (chapter 112, Acts 1926), and both were acquitted. The commonwealth has appealed both cases for a certification of the law. The records have been considered together and the two cases will be disposed of in a single opinion. Motions to dismiss the appeals were passed to the merits and must now be determined. The motions to dismiss were predicated upon the ostensible ground that no motions and grounds for new trials were filed, but the real basis for the motions must be that no power is conferred upon this court to certify the law in misdemeanor cases of this character.

In felony cases the commonwealth may appeal for a certification of the law, and is not required to await a final judgment. Criminal Code, Sec. 335; Com. v. Neal, 223 Ky. 665, 4 S. W. (2d) 685; Com. v. Fore, 158 Ky. 465, 165 S. W. 676; Com. v. Phillips, 224 Ky. 117, 5 S. W. (2d) 887; Com. v. Matthews, 89 Ky. 287, 12 S. W. 333, 11 Ky. Law Rep. 505; Com. v. Hourigan, 89 Ky. 305, 12 S. W. 550, 11 Ky. Law Rep. 509. The procedure in such cases is prescribed by section 337 of the Criminal Code. Com. v. Cain, 14 Bush, 525; Com. v. Morris, 200 Ky. 235, 254 S. W. 742; Com. v. Brand, 166 Ky. 753, 179 S. W. 844; Com. v. Clark, 200 Ky. 358, 254 S. W. 1051. In misdemeanor cases, which are irreversible by this court, the same practice is authorized and the identical procedure is prescribed. Section 352, Criminal Code; Com. v. Huber, 126 Ky. 456, 104 S. W. 282, 345, 31 Ky. Law Rep. 845, 929; Com. v. Wiggins, 165 Ky. 73, 176 S. W. 946. A judgment on a verdict of acquittal of an offense, the punishment of which might be imprisonment, shall not be reversed (section 352, Criminal Code); and a judgment in favor of the defendant, which operates as a bar to a future prosecution for the offense, may not be reversed by this court. Section 339, Criminal Code; Cf. Section 169, section 170, and section 178, Criminal Code, respecting rulings on demurrer. In felony cases arising under section 335, and in irreversible cases of misdemeanor arising under section 352, of the Criminal Code, in which appeals are allowed for certification of the law, no motion and grounds for a new trial is required. The appeal may be prosecuted at any stage of the proceeding,

but must be prayed during the term of court at which the decision is rendered. Criminal Code, Sec. 337; Com. v. Morris, 200 Ky. 235, 254 S. W. 742.

The misdemeanor cases, in which judgment of acquittal may not be reversed, are those in which, in case of conviction, the punishment that might be inflicted under the indictment is imprisonment (Criminal Code, Sec. 352), and those cases where an acquittal constitutes a bar to a future prosecution for the offense (Criminal Code, Sec. 339). A public offense, of which the only punishment is a fine, may be prosecuted by a penal action; the proceedings are regulated by the Civil Code (section 11, Criminal Code), and the appeal shall be similar in all respects to appeals in civil actions. Section 355, Criminal Code; Com. v. American Express Co., 167 Ky. 685, 181 S. W. 353, Ann. Cas. 1916E, 875; Com. v. Prall, 146 Ky. 109, 142 S. W. 202, Ann. Cas. 1913C, 768.

Where the highest penalty that may be imposed is a fine of $100 and imprisonment for not more than 50 days, the offense may be prosecuted by information. Constitution, Sec. 12; Ky. Stats., Sec. 1141; Lowry v. Com., 36 S. W. 1117, 18 Ky. Law Rep. 481; Ford v. Moss, 124 Ky. 288, 98 S. W. 1015, 30 Ky. Law Rep. 428. In misdemeanor cases punishable by fine alone the commonwealth may appeal from a judgment of acquittal, and, upon reversal thereof, have a new trial notwithstanding the former verdict and judgment of acquittal. Com. v. Prall, 146 Ky. 109, 142 S. W. 202, Ann. Cas. 1913C, 768; Com. v. Keathley, 82 S. W. 232, 26 Ky. Law Rep. 493; on rehearing Com. v. Keathly, 82 S. W. 1001, 26 Ky. Law Rep. 992; Com. v. Gritten, 180 Ky. 447, 202 S. W. 884; Com. v. Williams, 120 Ky. 314, 86 S. W. 553, 27 Ky. Law Rep. 695. In cases where the commonwealth may appeal from a final judgment and secure a reversal, a motion and grounds for a new trial is necessary. Com. v. Tarvin, 114 Ky. 877, 72 S. W. 13. The judgment in such cases must be brought up by appeal, as authorized by section 347, and prosecuted in the manner specified in section 348 of the Criminal Code as amended by the Act of March 27, 1926 (Acts 1926, c. 34, Secs. 1, 2). A certification of the law may not be obtained in cases where review by appeal is available to the commonwealth.

In Commonwealth v. Davis, 196 Ky. 12, 244 S. W. 63, the commonwealth proceeded to have the law certified under section 337 of the Criminal Code. The court held that the charge constituted a mere misdemeanor

of a type permitting the commonwealth to appeal from a final judgment. Such being the case, a motion for a new trial was necessary and the appeal for a certification of the law was dismissed. In misdemeanor trials in which only a fine may be imposed, if the commonwealth is aggrieved by an adverse judgment, it is required to file a motion and grounds for a new trial as a basis for its appeal. In the absence of such a motion and grounds, the only question on appeal is whether the pleadings support the judgment. Cf. Cook v. Com., 18 S. W. 356, 13 Ky. Law Rep. 702; Cf. Civil Code, sec. 340, note 37; Seiler v. Gilley Bros. & Co., 108 S. W. 284, 32 Ky. Law Rep. 75; Western Assur. Co. v. Rector, 85 Ky. 294, 3 S. W. 415, 9 Ky. Law Rep. 3.

The plea of not guilty always supports a verdict of acquittal, as it constitutes a denial of every material allegation in the accusation. Crim. Code, sec. 175. The right of appeal is purely statutory (Constitution sec. 110; Com. v. Yungblut, 159 Ky. 87, 166 S. W. 808; Com. v. American Express Co., 167 Ky. 685, 181 S. W. 353, Ann. Cas. 1916E, 875; Miller v. Com., 127 Ky. 387, 105 S. W. 899, 32 Ky. Law Rep. 249), and the jurisdiction of this court to review trials in criminal cases must be found in the Criminal Code or in other legislative provisions. Com. v. Starrett, 175 Ky. 89, 193 S. W. 1044; Com. v. Ainsworth, 147 Ky. 771, 145 S. W. 750; Com. v. Huff, 141 Ky. 459, 132 S. W. 1023.

The informations in the cases before us charged Williams and Gross with violation of one of the sections of chapter 112 of the Act of 1926 regulating the transportation of passengers for hire by motor vehicles. The penalty prescribed by that act for violation of any provision thereof is a fine of not less than $10 nor more than $100. Section 2739j-39, 1928 Supp. Ky. Stats. In prosecutions under that statute, whether by penal action, information, or indictment, a judgment of acquittal is subject to appeal by the commonwealth (Crim. Code secs. 347, 348), and no authority is given this court for the certification of the law in cases of that character. It results that this court has no jurisdiction to certify the law in these cases.

The appeal in each case is dismissed.