## United States Fire Insurance Co. v. Bynum & Co.

(Decided May 24, 1911.)

### Appeal from Carlisle Circuit Court.

1. Insurance—Fire Insurance—Evidence—Competency—Statement of Agent—No Allegation of Fraud—When, in a policy of insurance a stock of merchandise kept for sale is insured, it is not competent to show that the agent of the insurance company said when the policy was applied for, that things not kept for sale might be considered as part of the stock, there being no allegation of fraud or mistake in the written contract.

2.  Proofs of Loss—Failure to Furnish—The Company having re-
    tained the proofs of loss sent by the assured without objection,
    and not having required further proofs, cannot complain that
    the assured did not furnish sufficient proofs of loss.

JESS F. NICHOLS for appellant.

JOHN R. EVANS and R. L. SMITH for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

On September 15, 1908, The United States Fire In-
surance Company, issued to Sam Bynum & Co., its policy,
by which it insured their stock of merchandise kept for
sale in the store, for $1,150, and their store furniture,
fixtures and safe while contained in the building at $50.
The policy provided that in the event of loss the company
should not be liable for an amount greater than three-
fourths of the actual cash value of the property covered
by the policy at the time of the loss. On October 7, 1908,
the store burned and the whole contents were lost. This
suit was brought to recover on the policy. The defendant
insisted that proofs of loss had not been furnished it, and
also defended the suit upon the ground that the assured
themselves willfully set the house afire, or caused it to
burn to get the insurance. The jury found for the plain-
tiffs in the sum of $900. The defendant appeals.

The proof for the plaintiff was to the effect that after
the fire they made out proofs of loss and sent them to
the company. The company appear to have those proofs
yet; at least they have not been returned, and according
to the proofs for the plaintiffs they heard nothing from
the company after they sent it the proofs of loss. In
addition to this it is manifest from the whole record that
the company was from the beginning relying on its de-
fense that the fire was caused by the plaintiffs them-
selves. Under the evidence the court did not err in re-
fusing to dismiss the action on the ground that proofs
of loss had not been furnished.

It is apparent, however, that the amount recovered is
more than the plaintiffs are entitled to under the policy.
According to the invoice which the plaintiffs took, and
which was the basis of their proofs of loss, their entire
stock then amounted to $1,279.25. They testified that
they afterwards bought $120 of other goods, making the

total $1,399.25. But this invoice included a horse and wagon, valued at $170; they had sold before the fire goods to the value of $68, and they put down in the invoice $20 as the profit on the goods sold. These items foot up $258 and subtracting this from the total we have $1,141.25 as the total of the stock that was burned. This included the furniture and fixtures in the store and a number of things kept in the store for use in it, but not for sale, such as the following: Two molasses gaugers, $3.50; 1 bag holder, $3.50; 1 pr. flour trucks, $1.00; 1 ice chest, $14.30; 1 oil tank, $6.50; ice saw and tobacco knife, $1.50; 1 large wrench, $2.50; 5 show cases, $41; cheese case and knife, $17; cash drawer, $2; 1 pr. computing scales, $75; 3 other scales, $12; 1 horse cover, $2.75; 1 lot delivery blankets, $7.10; 30 candy trays, $3; 1 whip rack, $75; 1 broom rack, $1.10; 1 coffee mill, $5. These items foot up $273.75, and there are other things in the invoice which under the evidence were not kept for sale, but simply for use in the store. Deducting even the amount, $273.75, we have a balance of $867.50 as the value of the stock kept in the store for sale; and the company under the policy was not liable for exceeding three-fourths of this or $650, to which may be added $50 for insurance on the fixtures and furniture, making a total of $700 that the plaintiffs were entitled to, if anything.

The plaintiff, Sam Bynum, was allowed when on the stand to testify as follows:

"We spoke about taking out $1,200 and Mr. Fisher or Mr. Bryant one said, "Well, take out some on the fixtures and some on the stock," and I asked them what they included as fixtures, and they said show cases, shelving and counters and let the rest go in as stock, and I told them that the counters didn't belong to us, so that would just be the shelving and the show cases."

The agent denied that this occurred and the court gave the jury this instruction:

"The court instructs the jury that they will deduct from their findings for plaintiffs, if any, such articles destroyed by the fire as were not kept for sale as merchandise except a sum not exceeding 3-4 of $50 for fixtures, unless you may believe at the time of insurance the local soliciting agents of defendant represented to plaintiffs and agreed that such articles were to be regarded as

merchandise in the policy, in which event you will find for plaintiff as to these items."

The evidence above quoted should have been excluded. There was no all allegation of fraud or mistake in the policy, and there was no proof adduced sufficient to sustain an allegation of fraud or mistake if the allegation had been made. By the policy only the stock kept in the store for sale was insured at $1,150, and there could be no recovery for anything that was not kept for sale under this clause of the policy. In the absence of fraud or mistake parol evidence was incompetent to contradict or vary the terms of the written contract. (Western Assurance Company v. Rector, 85 Ky., 294.) The instruction which was based upon the evidence should also not have been given. The plaintiffs if they recovered were, however, entitled to recover the full sum of $50, the insurance on the store furniture, fixtures and safe while contained in the building, if three-fourths of the value of these things amounted to as much as $50. The court should have instructed the jury as above indicated.

Judgment reversed and cause remanded for a new trial.