GEORGE W. MITCHELL, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

; Liquor Selling: RECOVERY OF PENALTY BY CIVIL ACTION. An action to recover the penalty, under section 574 of the criminal code of 1873, is properly a civil action, and may be commenced by summons.

2. ——: ——. An action to recover the penalty, under section
574 of the criminal code of 1873, was dismissed by a justice of
the peace, because no oath charging the offense had been made,
or warrant issued for the accused. *Held*, That a judgment of
the district court reversing the judgment of the justice and re-
instating the case was not erroneous.

ERROR to the district court for York county. Tried
below before POST, J.

*Scott & Conner*, for plaintiff in error.

*C. J. Dilworth*, attorney general for the State.

MAXWELL, J.

On the 30th day of July, 1880, Charles Penn filed a
complaint before E. W. Cherry, a justice of the peace of
York county, charging George W. Mitchell with the vio-
lation of section 574 of the code of criminal procedure.
A summons was duly issued and served upon Mitchell,
who, on the return day of the summons, filed a motion
for a change of venue. The case was afterwards, by
consent, transferred to J. S. Bennett, another justice of
the peace of that county. The attorney for Mitchell
thereupon filed a motion to dismiss the action, and the
motion was sustained and the cause dismissed. The case
was taken on error to the district court, where the judg-
ment of the justice was reversed, and the case retained
for trial in the district court, and judgment for $19.48
costs rendered against Mitchell. He now brings the cause
into this court by petition in error.

Sec. 574 of the criminal code, as it existed at the time
this action was commenced, reads as follows:

"Any person licensed as before provided, who shall
give or sell any malt, spirituous, or vinous liquors, or
other intoxicating drink, to any minor, apprentice, or
servant, under twenty-one years of age, without the con-
sent of the parents, guardian, or master thereof, shall
forfeit and pay for each offense the sum of twenty-five

dollars for the use of the school fund, to be recovered by the proper action, before any justice of the peace of the proper county, upon the complaint of any person who will file with such justice a statement in substance as follows: A. B. complains of the violation of section five hundred and seventy-four of the criminal code. And on the proof of the violation of said section, or any part thereof, the justice shall render judgment for the whole amount of fine and costs, and the person so convicted shall be committed to the common jail until the same is paid." Gen. Stat., 852.

Sec. 12, art. I, of the constitution, provides that, "no person shall be compelled, in any criminal case, to give evidence against himself, or be twice put in jeopardy for the same offense."

Blackstone defines a crime or misdemeanor to be "an act committed or omitted in violation of public law, either forbidding or commanding it." 4 Bl., Com., 5. This definition, however, fails in precision, as it fails to distinguish between cases where the punishment of an offense, such as selling liquor in violation of law, is punishable by indictment, or where the proceeding is by an action of debt. An action on a penal statute to recover money as a penalty is a civil action. 1 Bishop Crim. Law, sec. 32. *People v. Hoffman*, 3 Mich., 248. *Keith v. Tuttle*, 28 Me., 326, 335. *Indianapolis v. Fairchild*, 1 Cart. Ind., 315. *Belcher v. Johnson*, 1 Met., 148. *Buckwalter v. U. S.*, 11 S. & R., 198. *Rogers v. Alexander*, 2 Green, 443. *People v. Ontario*, 4 Denio, 260. And the action may be in the name of the state; but this does not make the cause a criminal one. *Webster v. The People*, 14 Ill., 365. The true test is to enquire whether the proceeding is by indictment or action. If by indictment, the cause is criminal; if by action, the cause is civil. Tested by these rules it will be seen at once that this is a civil action. The object is to recover a money judgment, and the fact

that the law designates a specific amount does not change the character of the action.

*Second.* Does the fact that the justice dismissed the action operate as a discharge of the plaintiff? In other words, does the constitutional provision that the accused shall not be twice put in jeopardy for the same offense apply to mere civil actions for the recovery of penalties? We think not. The constitutional inhibition applies only to criminal proceedings—such offenses as are designated by our statute as felonies or misdemeanors. See 1 Bishop on Cr. Law, sec. 656. This action was commenced as a civil action, by summons, for the recovery of a specific sum of money, for the payment of which it was alleged the plaintiff was liable by reason of having sold liquor to a minor. The plaintiff moved to have the cause dismissed because it was not commenced as a criminal action, and he was not brought into court by a warrant. The motion was sustained on those grounds. The plaintiff, therefore, by his pleadings, recognizes the fact that he has not been put in jeopardy under the criminal law. That the justice had jurisdiction of the action and erred in dismissing it is clear, and the district court did right in reversing the judgment of the justice and reinstating the case. The judgment for costs is merely for the costs incurred in the proceedings in error, and was properly rendered. There is no error in the judgment, and it is affirmed.

JUDGMENT AFFIRMED.