# Commonwealth v. Louisville & Eastern R. R. Co.

(Decided January 13, 1911.)

## Appeal from Oldham Circuit Court.

Railroad—Ringing Bell at Crossings.—Section 786, of the Kentucky Statutes, which requires every railroad company to cause the bell on the locomotive engine to be rung and the steam whistle to be sounded at a highway crossing, applies to interurban electric railroad companies, which, by section 842a, of the Kentucky Statutes, have been placed under the same duties and responsibilities, so far as is practicable, that are imposed upon railroads generally.

JAMES BREATHITT, Attorney General, TOM B. McGREGOR, Assistant Attorney General, and CHARLES H. SANFORD for appellant.

(No brief for appellee.)

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

The appellee is a corporation created under the laws of the State of Kentucky, and operates an interurban electric railroad more than ten miles in length. It was indicted for unlawfully failing to sound a steam whistle or ring a bell at a distance of fifty rods from a place where its road crosses a highway. The indictment was found under section 786, of the Kentucky Statutes, relating to "Railroads," which provides as follows:

"Every company shall provide each locomotive engine passing upon its road with a bell of ordinary size, and steam whistle, and such bell shall be rung, or whistle sounded, outside of incorporated cities and towns, at a distance of at least fifty rods from the place where the road crosses upon the same level any highway or crossing, at which a signboard is required to be maintained, and such bell shall be rung or whistle sounded continuously or alternately until the engine has reached such highway crossing, and shall give such signals in cities and towns as the legislative authorities thereof may require."

Subsection 1 of section 842a (Act of March 11th, 1902), provides as follows:

"All interurban electric railroad companies authorized to construct a railroad ten or more miles in length, heretofore or hereafter incorporated under the general railroad laws of this Commonwealth, shall be under the

same duties and responsibilities, so far as practicable, and shall have the same rights, powers and privileges as is now granted to or conferred upon railroad corporations existing, operated or incorporated under existing laws of this Commonwealth, or under laws that may hereafter be enacted.''

At the close of the trial the circuit judge peremptorily instructed the jury to find for the defendant, and the Commonwealth appeals.

It is insisted, and the circuit judge held, that section 786 above quoted, does not apply to interurban electric railroads, because roads of that character have no locomotive engines, and that the electrical engines or motors used as the propelling power in appellee's cars have no steam whistles or bells within the meaning of the statute. We cannot agree with this view of the case. A locomotive engine is not necessarily a steam engine. Any engine used in producing motion, whether it be by steam or electricity, is a locomotive engine within the meaning of the statute. Furthermore, section 842a was intended to bring interurban electric railroad companies under the law governing railroad corporations generally, both as to duties and rights, in so far as it was practicable to do so. The statute recognized the fact that there might be some instances in which regulations originally applicable to steam railroads could not be made practicable in all respects when applied to electric railroads. But this condition was expressly provided for by the language of the statute which made such a regulation apply to electric railroads so far as it was practicable. If the regulation is capable of being complied with by an interurban electric railroad company with its available means or resources, either in whole or in part, to that extent it is practicable and must be complied with. And in determining the question of the practicability of a regulation, we are not to be restricted to a consideration of instruments or methods identical with those specified in the statute originally applicable to steam railroads; for if any substitutes or improvements in locomotive engines have been adopted to accomplish the same general purpose of the engine, the company must still obey the regulation in so far as the new conditions make it practicable. It could scarcely be contended that a railroad company which had heretofore propelled its engines by steam, could avoid the provisions of section 786, supra, by changing its motive power to electricity. Section 786 of the statute applies

to all railroad companies; was clearly intended to operate as a protection to travelers upon the highway; and we see no reason for refusing that protection to the public because the locomotive engine which propels the car happens to be an electric engine, with an electric whistle and what witnesses call a gong, instead of a steam whistle and a bell. Indeed, a gong is nothing more than a stationary bell, used to sound calls or alarms, and is also known as a gong bell. Manifestly, the electric whistle and the gong are nothing but substitutes and equivalents for the steam whistle and bell required by the statute; and when the Legislature placed interurban electric railroad companies in the class of other railroad corporations, giving them the same powers and privileges, and placing them under the same duties and responsibilities so far as practicable, it evidently meant that the operators of this new character of locomotive engine should do all that could be done, or what was required of other railroad companies, for the protection of the traveling public. In two of the three material features of its composition, the engine of the interurban electric railroad corresponds substantially with the locomotive engine of a steam railroad. Each is a locomotive engine, and the bell of one is the gong or gong-bell of the other, while the electric whistle of the electric locomotive engine performs the same service for that engine, that the steam whistle performs for the steam engine. So, by reading sections 786 and 242a together it is manifest that the Legislature intended that the operator of a locomotive engine on an interurban electric railroad should ring or sound its gong and sound its whistle under the same or similar conditions that operators of steam locomotive engines are required to perform those acts under section 786 of the statute above quoted.

The circuit judge erred in peremptorily instructing the jury to find for the defendant.

Judgment reversed, and cause remanded.