## Commonwealth v. Prall.

(Decided September 27, 1911.)

### Appeal from Nelson Circuit Court.

Roads and Passways—Improper Use Thereof.—In a penal action under Kentucky Statutes, section 4325, to recover a penalty against a citizen for damaging a public turnpike road by unusual and unnecessary use thereof in hauling heavy timbers thereon, it is not necessary to allege or prove that the road was, when or before the damage was done, a good road. The object of the statutes is to protect the roads of the State whatever may be their condition, from such unusual use as would materially damage them.

JAMES BREATHITT, Attorney General, CHAS. H. MORRIS, REDFORD C. CHERRY for appellant.

NAT W. HALSTEAD for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This penal action was instituted in the name of the Commonwealth to recover of appellee the penalty prescribed by section 4325, Kentucky Statutes, for damage done a public highway of Nelson County resulting from his unusual use thereof and his failure to repair same, after due notice, within a reasonable time. The section, supra, provides:

"Any corporation, company or individual who may, by unusual use of a road, materially damage the same,

shall repair all damages caused by the use of such road or roads, the supervisor, or overseer of roads shall, at any time when necessary, notify said corporations, companies or individuals of their duty as provided in this section; and should the said parties so notified fail, in a reasonable length of time, to be filed in the notice, to make such repairs; such parties shall be deemed guilty of obstructing the public roads, and shall be subject to a fine of not exceeding $100, to be applied to road purposes.''

The trial in the circuit court resulted in a verdict and judgment for the defendant, of which and the refusal of that court to grant it a new trial, the Commonwealth complains.

This is the second appeal of the case by the Commonwealth. The first appeal was from a judgment of the circuit court sustaining a special demurrer to the petition and dismissing it, for want of jurisdiction in that court; but we held on that appeal that the circuit court did have jurisdiction and reversed the judgment. The opinion on the former appeal, reported in 141 Ky., 560, contains the language of such parts of the petition as are material to a proper understanding of the questions raised on this appeal.

In order to recover of appellee the statutory penalty sued for, it was incumbent on the Commonwealth to show by sufficient proof, 1st. That he materially damaged the road by an unusual use thereof. 2nd. That he failed after notice from the supervisor or overseer of the road so to do, to repair within a reasonable length of time, named in the notice, such damage as was caused to the road by his unusual use thereof.

The road in question is known as the Bardstown and Bloomfield turnpike, and it is a macadamized road that is constructed of Tilford paving with crushed or knapped stone on top. The unusual use made of it by appellee, as shown by the evidence of the Commonwealth, was in hauling over it from a point nine miles east of Bardstown to the railroad station at the latter place, in wet weather and during thaws, wagons containing loads of extraordinary size and weight, consisting of large saw logs, in many instances as many as six to the load.

According to further evidence of the Commonwealth, no other loads of such size or weight were ever hauled over this turnpike and their unusual and unnecessary

weight, together with the unseasonableness of the weather, rottenness of the ground and reckless driving of appellee's servants in charge of the wagons and teams, caused the turnpike to be torn up in places and much of its Tilford paving and top metal to be displaced, thereby producing holes and ruts in the roadbed, some of them as much as six and twelve inches in depth; these conditions being particularly prevalent on hilly parts of the turnpike where appellee's teams in going down the grades were unable on account of the great weight of the loaded wagons to hold them back, and were allowed by the drivers to run the wheels of the wagons on and over the edges of the turnpike, thereby removing and destroying its curb stones.

There can be little doubt that if the foregoing injuries resulted to the turnpike from appellee's unusual and unnecessary use of it, as shown by the evidence, it materially damaged it, in fact, and in the meaning of the statute. Indeed, the evidence introduced in appellee's behalf did not materially refute this fact, but was mainly directed toward showing that the damage caused to the pike by appellee was not as great as stated by the Commonwealth's witnesses, and that injury also resulted to the turnpike from the wagons of others.

We agree with appellant's counsel that the evidence that the hauling of others also injured the turnpike, was incompetent. If the appellee's wagons caused it to be damaged, as alleged in the petition and as the Commonwealth's evidence conduced to prove, he was not excused or his offense condoned by the fact that like injuries, or some injury to the turnpike, resulted from its use by the wagons of others. He was privileged to show that the particular damage to the pike charged to him by the petition, was caused by the wagons of others, but such was not the purpose or effect of his evidence; hence, it should have been excluded. The evidence of the Commonwealth amply showed, and it does not appear to be denied, that though duly notified by the proper authority to repair the damage to the turnpike caused by his wagons, appellee failed to do so within a reasonable time as fixed by the notice, or at all.

In view of the evidence referred to, it is manifest that the case was properly allowed to go to the jury. Whether or not it authorized appellee's conviction is a matter, with respect to which, it would not be proper for us to

express an opinion, as we regard it our duty to reverse the judgment and remand the case for a new trial; not only on account of the error committed by the trial court in admitting the incompetent evidence referred to, but also because of a more serious and prejudicial error, complained of by appellant, committed by that court in instructing the jury. This error is found in instruction No. 1, which reads as follows:

"If you believe from the evidence, to the exclusion of a reasonable doubt, that in 1910, and before the 9th day of September, 1910, the defendant, T. L. Prall, loaded, or caused to be loaded upon wagons, saw logs in such quantity as to make the weight of the loads on said wagons of great and unusual weight, and that he hauled said logs so loaded on said wagons in great and unusual weight from a point eight or nine miles east of Bardstown, over the road known as the Bardstown and Bloomfield turnpike road to the railroad station at Bardstown, and that said loads were so heavy that said road was thereby torn up, or the top metal or facing beneath was displaced, so that said road was left in holes, and ruts, or either, from six to twelve inches in depth, or that defendant, or his employes, by his direction or with his knowledge recklessly, drove said wagons containing such unusually heavy loads, or saw logs (if they did contain such loads) over the edge of said road, or off of the edge of said road, with one wheel, the other wheel being thereon, and that thereby the face or curbstones were torn out of place, and that before said hauling was done, said road was a good road, and if you further believe from the evidence to the exclusion of a reasonable doubt that the defendant did not before August 15th, 1910, repair the injury so done to said road by the reason of the hauling of the said unusually heavy loads, if they were unusually heavy and so injured said road, you should find him guilty of obstructing a public highway by injuring said highway by unusual use and fix his punishment in a fine in any sun, not exceeding $100, and you may in your discretion, provide in your verdict that he shall work at hard labor until the fine and costs are satisfied."

It will be observed that the instruction adds an element to the offense which is not contained in the statute, as in order to convict appellee, it required the jury to find from the evidence beyond a reasonable doubt that

the turnpike was "a good road" before and when it was injured by the hauling over it of his wagons. The meaning of the instruction is that however unusual the use made of the turnpike by appellee, although its Tilford paving may have been cut into ruts, its top metal displaced and curbing destroyed by appellee's wagons and their loads of unusual weight, the jury should nevertheless permit him to escape the penalty imposed by the statute, unless the turnpike was in good repair and condition; in other words, was "a good road," before it was thus injured by him.

Such is not the meaning of the statute. In order to convict one of the offense defined therein, it is not necessary for the Commonwealth to allege or prove that the road materially damaged by the unusual use of it prohibited, was, when or before the damage was inflicted, a good road. The object of the statute is to protect the roads of the State, whatever may be their condition, from such unusual use as would materially damage them; that is make them materially worse than they were.

If the construction given the statute in question by the circuit court should stand, the statute would become a nullity, as the courts would be powerless to inflict its penalty upon any corporation, company or individual, whose unusual use of a bad road materially damaged it, even to the extent of rendering it impassable for travel.

The instruction, by reason of the presence therein of the words "and that before said hauling was done said road was a good road," amounted to a peremptory instruction directing a verdict for appellee, and was misleading as there was no attempt on the part of the Commonwealth to prove, nor was it necessary to prove that the road was a good one before and when appellee began the use of it alleged to have been so unusual as to have materially damaged it.

It is true the petition contains the averment that the turnpike was a "good, durable, strong and well built road," * * * but these words were but descriptive of the road and mere surplusage. They had no place in the instructions and on another trial of the case the objectionable words appearing in instruction No. 1, and which we have declared made it misleading and prejudicial, should be omitted.

For the reasons given the judgment is reversed, and

cause remanded for a new trial, and such further proceedings as may be consistent with the opinion.