## Commonwealth v. Prall.

(Decided January 5, 1912.)

### Appeal from Nelson Circuit Court.

1. **Appeals in Criminal Cases.**—A writ of error does not lie in behalf of the Commonwealth to reverse an acquittal of the defendant unless the right is expressly given by statute; but it is competent, by statute, in the absence of express constitutional prohibition, to allow an appeal or writ of error to the prosecution in criminal cases.

2. Constitutional Law—Former Jeopardy.—The statute giving an
appeal to the Commonwealth in penal actions and indictments for
misdemeanors which subject the defendant to a fine only, and
authorizing a new trial after the reversal of an acquittal in the
trial court, is not in conflict with the constitutional provision
that no person shall, for the same offense, be twice put in jeop-
ardy for his life or limb.

BEDFORD C. CHERRY for appellant.

N. W. HALSTEAD for appellee.

RESPONSE OF THE COURT BY JUDGE MILLER—Overrul-
ing petition for rehearing.

In this penal action to recover a fine of $100 from ap-
pellee for damaging a public road, under section 4325 of
the Kentucky Statutes, his trial by a jury resulted in a
verdict and judgment for the defendant, and upon an ap-
peal therefrom we reversed that judgment, and remanded
the case for a new trial. (144 Ky., 577.)

In this petition for a rehearing upon that ruling
it is insisted that the court is without power to direct a
new trial after the defendant has been once adjudged not
guilty, under section 13 of the Kentucky Constitution,
which provides that "No person shall, for the same of-
fense, be twice put in jeopardy for his life or limb."

It may be considered a settled doctrine that a writ of
error does not lie in behalf of the Commonwealth to re-
verse an acquittal of the defendant unless the right is ex-
pressly given by statute; but it is competent, by statute,
in the absence of express constitutional prohibition, to
allow an appeal or writ or error to the prosecution in
criminal cases. Cooley's Constitutional Limitations,
(7th Ed., p. 462).

Section 335, of the Criminal Code, relating to appeals
in cases of felony, provides as follows:

"An appeal shall only be taken on a final judgment,
except on behalf of the Commonwealth. An appeal by
the Commonwealth from a decision of the circuit court
shall not suspend the proceedings in the case. The de-
cision of the Court of Appeals shall be obligatory on the
circuit courts, as being the correct exposition of the law."

Section 337 prescribes the time and manner of ap-
pealing by the Commonwealth, as follows:

"If an appeal on behalf of the Commonwealth be de-
sired, the Commonwealth's Attorney shall pray the ap-

peal during the term at which the decision is rendered, whereupon the clerk shall immediately make a transcript of the record and transmit the same to the Attorney General, or deliver the transcript to the Commonwealth's Attorney, to be transmitted by him. If the Attorney General, on inspecting the record, be satisfied that error has been committed to the prejudice of the Commonwealth, upon which it is important to the correct and uniform administration of the criminal law that the Court of Appeals should decide, he may, by lodging the transcript in the clerk's office of the Court of Appeals, within sixty days after the decision, take the appeal."

Section 339 of said Code reads thus:

"A judgment in favor of the defendant which operates as a bar to a future prosecution for the offense shall not be reversed by the Court of Appeals."

Section 347 of the Criminal Code, which is found under the title treating of appeals in misdemeanor cases, however, reads as follows:

"The Court of Appeals shall have appellate jurisdiction in penal actions and prosecutions for misdemeanors, in the following cases only, viz: If the judgment be for a fine exceeding fifty dollars, or for imprisonment exceeding thirty days; or, if the judgment be for the defendant, in cases in which a fine exceeding fifty dollars, or confinement exceeding thirty days, might have been inflicted."

Section 352, under the same title, continues as follows:

"A judgment on a verdict of acquittal of an offense, the punishment of which is imprisonment, shall not be reversed; but in such cases an appeal may be taken by the Commonwealth, as provided in section 337 of this Code, when it is important to the correct and uniform administration of the criminal law."

In Commonwealth v. Huber, 126 Ky., 456, it was held that the words "in such cases," contained in section 352, referred to offenses, the punishment of which is imprisonment, and that in those cases the appeal should be prosecuted as provided in section 337, relating to felonies.

It has been repeatedly held by this court that the Commonwealth, under section 347, above quoted, could prosecute an appeal from a judgment of acquittal in a misdemeanor case, and, upon a reversal thereof, have a new trial of the case notwithstanding the former verdict and judgment of acquittal.

We so ruled in Commonwealth v. Williams, 120 Ky., 314, 27 Ky. Law Rep., 695; in Commonwealth v. Keathly, 26 Ky. Law Rep., 992, 82 S. W., 1001; in Commonwealth v. L. & E. R. R. Co., 141 Ky., 583, 133 S. W., 230, and in other cases.

In 12 Cyc., 259, the general rule is stated, as follows:

"A statute giving the State the right to appeal from the judgment of an inferior court in a criminal case, where the punishment does not involve the loss of life or limb, is not in conflict with the spirit and meaning of the constitutional provision against twice putting in jeopardy for the same offense."

In Commonwealth v. Keathly, above quoted, we said:

"The appellee also contends that this court had no power to reverse the case and remand it for a new trial, that he had once been acquitted on a trial in the lower court, and that to put him on trial again for the same offense would be in violation of his constitutional rights. This principle is correct with reference to felonies and misdemeanors, where imprisonment may be inflicted as a part or all of the punishment. Section 352 of the Criminal Code of Practice, provides: 'A judgment on a verdict of acquittal, of an offense the punishment of which is imprisonment, shall not be reversed.' Where imprisonment is not a part of the punishment, and only a fine can be assessed, a reversal for a new trial may be had for either the Commonwealth or the defendant."

There being statutory authority for this proceeding, the question, therefore, for decision is this: Does the constitutional provision, above quoted, which provides that "no person shall, for the same offense, be twice put in jeopardy for his life or limb," invalidate the legislative action granting the Commonwealth an appeal and a re-trial upon the reversal of the judgment after the defendant has been acquitted in the circuit court?

The distinction made by the Code between misdemeanors and felonies, in this respect, has been generally recognized by the authorities, which treat an action to recover a fine, as a civil action and not as a criminal prosecution. If this proceeding is in effect a mere civil suit to collect a fine for the purpose of repairing the damage done to the public road by the appellee, it can not be considered a punishment in the sense of the constitutional prohibition above quoted.

Section 11 of the Criminal Code of Practice reads as follows:

"A public offense, of which the only punishment is a fine, may be prosecuted by a penal action in the name of the Commonwealth of Kentucky, or in the name of an individual or corporation, if the whole fine be given to such individual or corporation. The proceedings in penal actions are regulated by the Code of Practice in civil actions."

Commonwealth v. Avery, 14 Bush., 626, was, like this, a penal action to recover a sum of money won in a gambling transaction, and it was insisted that the proceeding was "a criminal prosecution," and an "indictable offense," which could not be maintained in a penal action since the constitution provided that "no person shall for an indictable offense be proceeded against criminally by information, &c." But in answer to that contention, the court said:

"This is not a 'criminal prosecution,' nor 'an indictable offense' within the meaning of the Constitution. Betting on an election was never a crime or an indictable offense at common law, nor is the offense, as prescribed by the statute, to be visited with any infamous punishment, and it does not, therefore, come within the meaning of the 12th and 13th sections of the Constitution, above quoted, either as a 'criminal prosecution' or as 'an indictable offense.'

"Is it a proceeding according to the law of the land? It is competent, as we have seen, for the Legislature to prescribe what shall be the mode of trial for a misdemeanor created by statute, which was not indictable at common law, and for which no infamous punishment is provided. (Proffatt on Jury Trial, section 97.) The Legislature having denounced the penalty, and prescribed a method for its recovery, in which a hearing is granted the accused, the trial by jury is preserved inviolate, and a judgment before dispossession prescribed. This, we think, is all that the constitutional 'law of the land' requires in such cases."

In L. & N. R. R. Co. v. Commonwealth, 112 Ky., 641, where a fine of $200 was recovered of appellant for suffering gaming, it was contended that section 11 of the Criminal Code, above quoted, was in conflict with that section of the Constitution of Kentucky above referred to, which prohibited criminal proceedings, by way of information, against indictable offenses.

The court citing the Avery case with approval, overruled that contention, and called attention to the fact that

it had always regarded proceedings for offenses punishable by fine only, as of a quasi civil nature, and that the Legislature had so regarded them by giving this court appellate jurisdiction in such cases. They are to be regarded rather as penal actions and not criminal prosecutions.

The question was considered at some length in the late case of James, Auditor v. Helm, 129 Ky., 323, 111 S. W., 338, where the court, after an extended examination of the authorities, said:

"A penal action for the recovery of a fine, where no imprisonment can be imposed, has uniformly been classified by courts of last resort as a civil action for debt. The Legislature clearly had the right to determine the nature of the action, subject to the immunities guaranteed by the Constitution, and, where a penalty only is sought to be recovered, the action is civil, and is tried according to the provisions of the Civil Code, although no answer other than the plea of 'not guilty' is required of the defendant."

In support of the conclusion reached the court cites Comonwealth v. Sherman, 85 Ky., 688, 4 S. W., 790; Mitchell v. State, 12 Neb., 538; Brophy v. City of Perth Amboy, 44 N. J. Law, 217; Campbell v. Board of Pharmacy, 45 N. J. Law, 241; Stearns v. U. S., Fed. Cas. No. 13341, and U. S. v. Elliott, Fed. Cas. No. 15043.

The prohibition in the Federal Constitution as to former jeopardy is identical in terms with that of the Kentucky Constitution; nevertheless, in U. S. v. Zucker, 161 U. S., 475, it was held that an action to recover a penalty for the violation of the customs administrative act, which provides for both fine and punishment, was not criminal in substance, so as to entitle the defendant to be confronted with the witnesses on the trial.

And in Hepner v. U. S., 213 U. S., 103, it was held that an action to recover the penalty incurred under the alien contract labor law for inducing an alien to migrate to the United States for the purpose of performing labor there, was not so far criminal in its nature as to prevent the direction of a verdict in favor of the government plaintiff, and that where it appeared from undisputed testimony that the defendant had committed the offense charged against him, the trial court might so direct a verdict.

In Mitchell v. The State, 12 Neb., 538, 11 N. W., 848,

a complaint was filed charging Mitchell with selling liquor to a minor, and upon his motion it was upon the trial dismissed by the magistrate because it had been commenced as a criminal action. Upon appeal to the district court, the judgment of the magistrate was reversed, and a re-trial had which resulted in a verdict of $19.48 against Mitchell, from which he appealed to the Supreme Court. The statute fixed a fine of $25.00 for the use of the school fund which could be recovered by a proper action before any justice, and the Constitution—like the Kentucky Constitution—provided that no person should be twice put in jeopardy for the same offense.

In affirming the judgment the Supreme Court said:

"An action on a penal statute to recover money as a penalty is a civil action. (Authorities cited.) And the action may be in the name of the State; but this does not make the cause a criminal one. The true test is to inquire whether the proceeding is by-indictment or action. If by indictment, the cause is criminal; if by action, the cause is civil. *  *  *

"Does the fact that the justice dismissed the action operate as a discharge of the plaintiff? In other words, does the constitutional provision that the accused shall not be twice put in jeopardy for the same offense apply to mere civil actions for the recovery of penalties? We think not. The constitutional inhibition applies only to criminal proceedings—such offenses as are designated by our statute as felonies or misdemeanors. See 1 Bishop on Cr. Law, section 656. This action was commenced as a civil action, by summons, for the recovery of a specific sum of money, for the payment of which it was alleged the plaintiff was liable by reason of having sold liquor to a minor."

In the early Connecticut case of Pettis v. Dixon, Kirby, 179, decided in 1786, the action was for debt under a statute against importing goods into the State without paying the duties; and after a verdict had been found for defendant, the question arose, whether the jury could be legally returned to a second consideration, the action being founded on a penal statute.

The court said:

"This is an action of debt, although the public is entitled to part of the recovery. It is treated wholly as a civil action, and came up here by appeal, which it could not, had it been a criminal prosecution; therefore, the jury may be returned to a second consideration."

It may, therefore, be considered as settled under the adjudications of this court, that a penal action to recover a fine for a misdemeanor is in effect, a civil action and not a criminal prosecution; and being a civil action, the doctrine prohibiting one from being put twice in jeopardy can have no application. It applies only to cases which carry an infamous punishment.

Williams v. Commonwealth, 78 Ky., 97, relied upon by counsel for appellee is not inconsistent with the views heretofore expressed. That was an indictment for a felony; and, in speaking of the question of former jeopardy, the court used this language:

"A graver question, however, arises when we seek to extend the constitutional provision to other than capital cases. The language literally construed, limits the constitutional protection to 'jeopardy of life or limb,' which, according to a familiar rule of construction, should not be extended to embrace a case where liberty only is at stake. To thus narrow it, however, would leave the legislative power at liberty to authorize, in cases where the punishment is confinement in the penitentiary, a retrial on the same charge, after the accused is once tried and acquitted or convicted, for there is no other provision of the Constitution that can be construed to interdict a re-trial or to sanction the pleas of former conviction and former acquittal. Such a construction would be at war with every sense of justice, subversive of civil government, and contrary to the whole theory of our institutions. There is nothing better settled in the jurisprudence of England or America than that no one can be twice tried for the same offense. No doubt has ever been expressed that a plea of former conviction or former acquittal might, in a proper case, be interposed.

"We think it far more reasonable to presume that the framers of the Constitution intended that the interdiction should extend to all felonies or to all cases where the punishment inflicted is infamous."

And, although there is language on page 98 of that opinion, which when carelessly read, may be construed to apply the doctrine of former jeopardy to misdemeanors, nevertheless, a careful reading will show that such was not the intention of the court, since the words "crime or misdemeanor" there found were used generally, and in the translation of a maxim of the criminal law. The true scope of that opinion is found in the extract above quoted, which limits the interdiction to

cases where the punishment inflicted is infamous. The same conclusion has been reached in two opinions of the Supreme Court of Arkansas.

In Jones v. State, 15 Ark., 261, Jones had been acquitted under an indictment for betting at cards, and that judgment had been reversed and the case remanded for a new trial. Upon the second trial Jones pleaded the former acquittal in bar of any further prosecution, which was, however, overruled, and Jones was convicted and fined.

In affirming the conviction the court said:

"The punishment being a pecuniary matter only, and for which the defendant, though held in custody for its payment, may at any time discharge himself, by applying for the benefit of the laws for the relief of insolvent debtors, the court was, and is of opinion, that the statute of 1846, giving to the State the same right to appeal, or prosecute her writ of error, from the judgment of inferior courts, in all criminal cases where the punishment does not involve life or limb, is not in conflict with the spirit and meaning of the constitutional provision; that no person shall, for the same offense, be twice put in jeopardy of life or limb."

In Taylor v. State, 36 Ark., 84, Taylor was first acquitted of a charge of unlawful cohabitation; but that judgment having been reversed, he was, upon a second trial fined $20.

In affirming the second judgment the court said:

"It is insisted that the court had no authority to set aside the verdict of acquittal. The statute provides that appeals may be taken by the State as well as the defendant, in criminal cases, but there can be no reversal of the judgment in felonies, and only when the punishment is not imprisonment, in misdemeanors. And it was held in the case of Jones v. The State, 15 Ark., 261, that where a defendant indicted for a misdemeanor, punishable by fine only, has been tried and acquitted, and, on appeal or writ of error to this court, the judgment is reversed and the cause remanded, he may be tried again, without any violation of the constitutional provision, that no person shall, for the same offense, be twice put in jeapordy of life or limb." See also State v. Lee, 68 Conn., 265; 48 Am. St., 202; 27 L. R. A., 498.

In placing penal actions and prosecutions for misdemeanors for the collection of a fine upon the same footing as to appeals, the law makers wisely recognized the

fact that the two proceedings were substantially equivalent in purpose and results, and that no just or reasonable distinction could be made in this respect between a civil action and a criminal prosecution for the collection of a fine. If one can be retried after the reversal of a judgme nt erroneously obtained for the defendant, there is no sound reason why the other should be treated differently.

From this examination of the authorities it will be seen that the former rulings of this court, which have uniformly remanded penal actions and indictments for misdemeanors which subject the defendant to a fine only, for a new trial after the reversal of an acquittal in the trial court, rest upon sound and satisfactory reasons, and are, in no way, in conflict with the constitutional provision that "no person shall, for the same offense, be twice put in jeopardy for his life or limb."

The petition for a rehearing is overruled.