## Commonwealth v. Gritten.

(Decided May 7, 1918.)

### Appeal from Anderson Circuit Court.

1. Gaming—Machines Prohibited—Gaming Machine.—A machine, which on deposit of a nickel in the slot, always delivers gum but sometimes delivers from two to twenty chips worth five cents each in merchandise, is a machine ordinarily used for gambling purposes within the meaning of sections 1960 and 1967, Kentucky Statutes.

2. Gaming—Machines Prohibited—Gaming Machine.—A punch board containing holes which the player on the purchase of a post card, may punch and obtain certain articles of value corresponding to the numbers indicated by the board, is a machine ordinarily

used for gambling purposes within the meaning of sections 1960 and 1967, Kentucky Statutes.

3.  Criminal Law—Suffering Gaming Machines—Trial—Directed Verdict.—Where on a prosecution of defendant for suffering gaming machines to be set up and conducted on premises under his control, there was evidence tending to show that the accused suffered and permitted a slot machine and a punch board to be set up and conducted on his premises, it was error for the trial court to direct a verdict of acquittal.

4.  Criminal Law—Appeal and Error—Former Jeopardy—Judgment Reversed—New Trial.—On a trial of a misdemeanor punishable by fine alone, the Commonwealth may appeal from a judgment of acquittal, and, upon a reversal thereof, have a new trial of the case notwithstanding the former verdict and judgment of acquittal.

CHARLES H. MORRIS, Attorney General, and HENRY F. TURNER, Assistant Attorney General, for appellant.

LILLARD CARTER and L. W. McKEE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Walter Gritten was indicted by the grand jury of Anderson county for the offense denounced by section 1967, Kentucky Statutes, of suffering and permitting to be set up and conducted on premises under his control, certain gambling machines and contrivances prohibited by section 1960, Kentucky Statutes. At the conclusion of the evidence, defendant's motion for a peremptory instruction was sustained and the jury returned a verdict of acquittal. Judgment was entered accordingly and the Commonwealth appeals.

The indictment charges, and the evidence shows, that the defendant suffered and permitted to be set up and conducted on his premises both a chewing gum slot machine and a punch board.

The slot machine is operated in the following manner: The player puts a nickel in the slot and pulls the lever. He always receives gum but he may or may not receive chips in addition to gum. If the indicator stops in front of certain fruits, he receives no chips; if in front of others, he receives from two to twenty chips. These chips are worth five cents each in trade. It will thus be seen that the player in return for his nickel, may receive only five cents' worth of gum or he may receive a dollar's worth of merchandise. Thus he stands to win something for which he does not pay and the owner of the

machine takes the chance of losing something for which he receives no compensation. Further discussion of the question is rendered unnecessary by the recent decisions of this court in the cases of Allen v. Commonwealth, 178 Ky. 250, 198 S. W. 896, and Welch v. Commonwealth, 179 Ky. 125, S. W. 371. It is not clear whether the slot machine in question is like that involved in the Allen case or the Welch case, but the evidence shows that it is either one or the other, and whether the one or the other, it is a gambling device within the meaning of sections 1960 and 1967, Kentucky Statutes, for the reasons given in those opinions.

The punch board consists of a square board containing numerous holes and a great many numbers. On punching one of the holes a number would appear. On a rack nearby are numerous articles consisting of knives, rings, watches, etc., worth from $.50 to $5.00 each, and numbered to correspond with the numbers on the board. The player purchases a post card for five or ten cents and is then entitled to a punch. He then punches one of the holes and if there appear a number corresponding to the number of any of the articles of merchandise he is entitled to that article, otherwise he receives nothing in addition to the post card. It will thus be seen that the punch board is similar in principle to the slot machine. The lure of the board consists in the element of chance by which the player may receive something for nothing. We therefore conclude that the punch board is a machine or device ordinarily used for gambling purposes within the meaning of sections 1960 and 1967, Kentucky Statutes.

There being evidence tending to show that the defendant suffered and permitted the slot machine and punch board to be set up and conducted on premises under his control, the trial court erred in directing a verdict of acquittal.

Here the offense with which the defendant is charged is a misdemeanor punishable by fine alone. Under these circumstances the Commonwealth may appeal from the judgment of acquittal and, upon a reversal thereof, have a new trial of the case notwithstanding the former verdict and judgment of acquittal. Commonwealth v. Prall, 146 Ky. 109, 142 S. W. 202, Ann. Cas. 1913 C. 768.

Judgment reversed and cause remanded for a new trial consistent with this opinion.