CASE 35.—PROCEEDINGS BY BERT FORD AND OTHERS TO OBTAIN A WRIT OF PROHIBITION AGAINST JUDGE M. J. MOSS AND OTHERS.

# Ford, &c. v. Moss, Judge

Application to Appellate Court for writ of prohibition—Writ denied.

1. Intoxicating Liquors—Prosecution—Jurisdiction.—Under Ky. Stats., 1903, section 1141, providing for a prosecution by information filed in a circuit court for a misdemeanor punishable by fine of not more than $100, and by imprisonment of not exceeding 50 days, the circuit court has jurisdiction by information of the offense of selling liquor on a general election day.

2. Indictment—Misdemeanor—Common-Law Offense.—An indictment is not necessary in the prosecution of a misdemeanor, which was not an indictable offense at the common law, under Const., section 12, providing that no person, for an indictable offense, shall be proceeded against criminally by information, except in cases arising in the land or naval forces, or in the militia in time of war or public danger, or by leave of court for oppression, or misdemeanor in office.

3. Intoxicating Liquors—Regulations—Election Days—School Elections.—Const. section 154, requires the Legislature to enact laws to prohibit and regulate the sale of liquor on election days. Ky. Stats., 1903, section 1575, makes it a misdemeanor to sell liquor "upon the day of any general or primary election." Held, that it is a misdemeanor to sell liquor on a day when a school election is being held throughout the State.

K. D. PERKINS and H. H. TYE, attorneys for plaintiffs.

1. The indictment under which plaintiffs were tried and convicted in the Whitley Circuit Court at its November Term, 1906, was drawn under section 1575 of the Kentucky Statutes.

2. It is the contention of the plaintiffs that the facts set forth in said indictment do not constitute a public offense in this State, and moreover if such facts do constitute a public offense, then that no prosecution lies therefor by information.

3. We submit that the election which is held in each school district of this State on the first Saturday in October of each year for the purpose of electing trustees therefor, is not a general election within the meaning of those words as used in said section 1575 of the Kentucky Statutes.

4. A school election has only one element in common with a general election; namely, the selection of some person to a position of trust. It has no other element in keeping with a general election. Under the general head of elections found in Kentucky Statutes from section 1437 to 1596, no mention is made of an election for school trustees. A school election has these several peculiarities to distinguish it from a general election.

(a)    Vote is taken viva voce.

(b)    Election held at school house.

(c)    Polls open from 1 to 6 o'clock in afternoon.

(d)    Officers are one judge and a clerk.

(e)    Officers are chosen by voters at opening of polls.

(f)    Judge gives certificate of election.

(g)    Certain widows and spinsters may vote.

(h)    Ballots not furnished by public authority, or any authority. Kentucky Statutes, section 4434.

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR— Denying writ.

Bert Ford and a number of others, who are complainants herein, were tried and severally convicted in the Whitley circuit court for selling liquor on an election day. They were proceeded against by information filed by the commonwealth's attorney in the circuit court. They have filed their petition in this court asking that a writ of prohibition issue against his honor, the judge of the Whitley circuit court, and against the clerk of the court and the sheriff of the county, to prohibit the issual and collection of executions against them upon the judgments. The application is based upon the theory that the circuit court was proceeding out of its jurisdiction, because (1) that no public offense was committed by the complainant, and (2) that the proceeding by information was not warranted by law.

It is a statutory misdemeanor to sell liquor on any general election day in Kentucky. The offense is punishable by fine of not more than $50 for each offense, Section 1141, Ky. Stats., 1903, allows a prosecution by information filed in a circuit court or before a county judge, or justice's or police court, by the commonwealth's or county attorney for a misdemeanor punishable by fine of not more than $100, and by imprisonment of not exceeding 50 days. Under this statute, the circuit court had jurisdiction by information of the offense charged. An indictment is not necessary in the prosecution of a misdemeanor which was not an indictable offense at the common law. Const., section 12; Commonwealth v. Avery, 14 Bush, 625, 29 Am. Rep., 429; Williamson v. Commonwealth, 4 B. Mon., 146; Arnold v. Commonwealth, 80 Ky., 300, 44 Am. Rep., 480.

The Constitution required the Legislature to enact laws to prohibit and regulate the sale of intoxicating liquors on election days. Section 154, Const. The statute, enacted in pursuance of this constitutional requirement, is section 1575, Ky. Stats., 1903, which makes it a misdemeanor to sell or give intoxicating liquors in any precinct, town, or county, "upon the day of any general or primary election therein." The election at which the offense charged in the information under investigation occurred was a school election held in October, 1906, at which time a general election was being held throughout the State to elect school trustees. It is claimed this was not "a general election" within the statute, and that therefore the complainant had not committed any offense.

The Constitution required the General Assembly to enact necessary laws to restrict or prevent the sale or gift of such liquors on election days. There is nothing in the section (section 154, Const.) to indicate

that the convention deemed the use of such liquors as less hurtful on one election day than another. The general purpose seems to include all election days. Sober judgment, peace, and good order, are deemed desirable and necessary for the exercise of the high duty of citizenship on all days when the electors are called upon to select their servants, or to vote upon public measures. There is no matter of more importance, or which has been shown more regard by the Constitutional Convention, or by the various General Assemblies of the State, than the interest of the people in their common schools.

Spinsters and widows vote in school elections, but in no other. A sense of propriety, if not of pardonable gallantry would seem to demand that at least as much consideration be paid these electors in assuring them a peaceful, orderly day in which to exercise their suffrage as is accorded men alone in other elections. In local option elections, primary elections, elections of municipal, county, district and State officers and members of Congress, the day is held in such esteem by the Legislature as that it has required the cessation of the sale of intoxicating liquors. There is nothing to indicate a purpose, or ground, for discriminating against the school election. They are general elections, and in our opinion are within the terms of the statute and of the contemplation of the legislation on the subject.

The writ is denied.