## Commonwealth v. Adams Express Company.

(Decided June 7, 1918.)

### Appeal from Whitley Circuit Court.

1. Intoxicating Liquors—Presence and Use of at Elections.—The purpose of the legislature in enacting section 1575 of the Kentucky Statutes making it unlawful for any person to sell, loan, give or furnish intoxicating liquor to any person in any precinct, town, city or county upon the day of any election, was to prevent the presence and use of liquor at elections, and the statute has no application in a district where no election is being held.

2. Intoxicating Liquors—Shipment of—Use of Liquors at Elections. —Where a common carrier by express carried a shipment of liquor from a licensed dealer and delivered it to the purchaser in a school sub-district where no election was being held, although an election was held on that day in a different school sub-district embraced within the precinct, there was no violation of section 1575 of the Kentucky Statutes prohibiting the sale, loan, gift or furnishing of liquor in any precinct on the day of any general or primary election therein.

CHARLES H. MORRIS, Attorney General, D. O. MYATT, Assistant Attorney General, J. B. SNYDER and W. B. EARLY for appellant.

LAWRENCE MAXWELL, JOSEPH S. GRAYDON and TYE & SILER for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

This appeal presents the question whether a common carrier by express, which carried a shipment of liquor from a licensed dealer in Covington, Kentucky, to the purchaser thereof at Savoy, in Whitley county, Kentucky, and there delivered it to the purchaser in the regular course of business, violated section 1575 of the Kentucky Statutes, the delivery having been made on a day when no election was held at Savoy or in the school district within which Savoy is located, although Savoy and the said school district were included in a voting precinct in some parts of which a general school election for electing trustees was then being held.

Section 1575 of the Kentucky Statutes reads, in part, as follows:

"Whoever sells, loans, gives or furnishes to any person or persons, either directly or indirectly, spirituous, vinous or malt liquors, or any other intoxicating drink, in any precinct, town, city or county of this Commonwealth, upon the day of any general or primary election therein, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be fined the sum of not less than twenty-five nor more than fifty dollars for each offense, which may be recovered by proceedings in any court of competent jurisdiction, or by indictment in the circuit court."

By a stipulation of record it is agreed that prior to October 7th, 1916, Isham Alder, a resident of Savoy, in Whitley county, transmitted in regular course of mail to John Doe, a licensed dealer in intoxicating liquors at Covington, in Kenton county, an order for one gallon of liquor to be shipped by John Doe over the lines of the Adams Express Company to said Isham Alder, at Savoy, in Whitley county; that Alder sent the purchase price of the liquor with the order and the money was accepted by John Doe in full payment of the liquor, which he thereafter, on October 6th, 1916, in pursuance of the order, delivered to the defendant, the Adams Express Company, at its office in Covington, Kenton county, marked and labeled as required by the act of March 9th, 1914; that the express company, on the following day, delivered the whiskey to Alder at Savoy in the regular course of business as a common carrier by express, and that Alder then paid the defendant the express charges

for the carriage of the shipment from Covington to Savoy.

It is further agreed that on October 7th, 1916, a general school election was held in about one-half of the common school sub-districts of Whitley county, as provided by law, for the purpose of electing common school trustees in the various sub-districts in the county; that Savoy was located in a common school sub-district wherein no school election for any purpose was held on October 7th, 1916, but that there were other common school sub-districts in the voting precinct wherein Savoy is located, and in which common school sub-districts elections were held on October 7th, 1916, and that the express company had no ownership or interest in the liquor thus delivered to Alder, or any other connection with the transaction, except as above narrated.

Upon a trial by the circuit court, without the intervention of a jury, the express company was acquitted, and the Commonwealth appealed.

Appellee contends that the judgment of the circuit court should be sustained under either of two views of the statute; first, that the case does not come within the terms of the statute which denounces one who "sells," "loans" or "furnishes" intoxicating liquors; and, second, that the statute is not broad enough in its terms to cover a case like the one at bar where no school election was held in the Savoy sub-district on the day of the delivery of the whiskey to Alder, although an election was held in other sub-districts of the precinct.

Passing the first contention and without deciding whether the appellee "furnished" the intoxicating liquor to Alder, we think it clear under the second view of the case above suggested that the judgment of acquittal was proper. It is true the statute denounces the sale, loan, gift or furnishing of liquor to any person in any precinct upon the day of any general or primary election, and does not in terms limit the prohibition to that portion of a precinct in which an election is held. The statute is general in its terms, and when strictly construed would prevent the furnishing of liquor in a school sub-district in which no election was held, provided an election was held in some other school sub-district in the same precinct.

But this would be giving the statute too narrow a construction. The purpose of the statute was to prevent the presence and use of liquor at elections, and that being true it should not be so construed as to prevent the furnishing of liquor to a man in a territory, whether it be called a school sub-district or a precinct, in which no election was held. That this was the purpose of the statute appears from the following language, taken from the opinion of this court in Ford v. Moss, Judge, 124 Ky. 290:

"The constitution required the general assembly to enact necessary laws to restrict or prevent the sale or gift of such liquors on election days. There is nothing in the section (section 154, Const.) to indicate that the convention deemed the use of such liquors as less hurtful on one election day than another. The general purpose seems to include all election days. Sober judgment, peace, and good order, are deemed desirable and necessary for the exercise of the high duty of citizenship on all days when the electors are called upon to select their servants, or to vote upon public measures. There is no matter of more importance, or which has been shown more regard by the constitutional convention, or by the various general assemblies of the state, than the interest of the people in their common schools."

The purpose of the legislature in enacting this statute clearly being to guard elections against the presence and influence of liquor, it would seem necessarily to follow that the statute does not apply to territory in which no election is held, and that the liquor having been delivered to Alder in a school sub-district in which no election was held, the circuit court properly acquitted the appellee.

Judgment affirmed.